T.C. Summary Opinion 2005-134

UNITED STATES TAX COURT

AURORA DUQUE BALINO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14374-03S.               Filed September 8, 2005.

Aurora Duque Balino, pro se.

A. Gary Begun, for respondent.

COUVILLION, Special Trial Judge: This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

Respondent determined a deficiency of $2,409 in petitioner's 2001 Federal income tax. The issue for decision is whether petitioner is entitled to itemized deductions for unreimbursed employee expenses and other miscellaneous deductions. Alternatively, if petitioner is not entitled to deduct the claimed other miscellaneous deductions as other miscellaneous deductions, the Court must decide whether such expenses are deductible as medical expenses.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioner is a citizen of and a resident of Windsor, Ontario, Canada. She is employed in the United States at Detroit, Michigan.

Petitioner is a registered nurse and, during the year at issue, was employed by a hospital in Detroit. Petitioner also worked for a home health care agency and performed certain medical services by visiting patients at home. Those services were performed in the Detroit metropolitan area. Petitioner was an employee in both endeavors and received Forms W-2, Wage and Tax Statement, from her employers for the year 2001. The income from both sources was reported on petitioner's Federal income tax return for 2001, and none of that income is at issue.[2] The

_____

[2]In the notice of deficiency, there was one income adjustment of $264, which petitioner reported on her return as
(continued...)

issues for decision are: (1) Petitioner's entitlement to itemized deductions for job expenses, and (2) other miscellaneous deductions.

Because petitioner is not a citizen of, and does not reside in, the United States but earns income in the United States, she is required to file income tax returns for the income she earns in the United States as a nonresident alien. The income tax form for such taxpayers is Form 1040NR, U.S. Nonresident Alien Income Tax Return. Petitioner filed a timely return for 2001. On that return, she reported wage and salary income of $46,534.65, taxable State and local income tax refunds of $505, and total income of $47,039.65. She also reported tax-exempt interest income of $264. See supra note 2. Petitioner's return also included a Schedule A, Itemized Deductions, on which she claimed deductions totaling $17,757. The Schedule A for Form 1040NR differs from the Schedule A for Form 1040 income tax returns for U.S. citizens. Most notably, Schedule A for Form 1040NR makes no provision for deduction of medical expenses, although Schedule A for Form 1040NR allows deductions for State and local taxes, charitable contributions, job expenses, casualty and theft losses, and most other miscellaneous deductions.

---

[2](...continued)
tax-exempt interest. In the notice of deficiency, respondent determined that the interest was includable in gross income. At trial, counsel for respondent conceded that adjustment.

On her 2001 Federal income tax return, petitioner claimed Schedule A itemized deductions as follows:

| | |
|---|---:|
| State and local taxes | $ 2,573 |
| Gifts to U.S. charities | 5,345 |
| Job expenses & most other miscellaneous deductions (after the 2% sec. 67(a) limitation) | 8,855 |
| Other miscellaneous deductions | 984 |
| Total | $17,757 |

In the notice of deficiency, respondent disallowed the $8,855 for job expenses and the $984 for other miscellaneous deductions, totaling $9,839. The basis for the disallowance was petitioner's failure to substantiate the amounts claimed. The $984 for other miscellaneous deductions was additionally disallowed for the reason that those expenses were in fact medical expenses, and medical expenses are not allowed as an itemized deduction by nonresident aliens. As noted above, the Schedule A for Form 1040NR does not include provision for deduction of medical and dental expenses.

On Schedule A, for job expenses and most other miscellaneous deductions, petitioner claimed the following:

| | |
|---|---:|
| Licenses | $ 240 |
| Out-of-town conferences | 4,160 |
| Books | 376 |
| Journals | 120 |
| Uniforms, shoes, socks, support hose, medical devices & tools | 3,600 |
| Windsor-Detroit Tunnel fees | 780 |
| Long distance telephone calls | 520 |
| Total (Prior to the 2% sec. 67(a) limitation) | $9,796 |

The determinations reflected by the Commissioner in a notice of deficiency are presumed correct, and the burden is on the taxpayer to establish that the determinations are incorrect.[3] Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Section 162(a) allows a deduction for ordinary and necessary business expenses paid during the taxable year in carrying on a trade or business. A "trade or business" includes the trade or business of being an employee. Primuth v. Commissioner, 54 T.C. 374, 377 (1970).

Section 6001 provides, in pertinent part: "Every person liable for any tax * * * shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe." Section 1.6001-1(a), Income Tax Regs., provides, in pertinent part, that "any person subject to tax under subtitle A of the Code * * *, shall keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax". Moreover, even if books and records are maintained by the

---

[3]Sec. 7491 modifies this general rule and, in some instances, shifts the burden to the Commissioner. In this case, the burden does not shift to respondent because petitioner did not fulfill the requirement of sec. 7491(a)(2), which, among other requirements, requires that the taxpayer maintain records to substantiate expenses claimed.

taxpayer, a mere bookkeeping entry of the item does not suffice without proof of further substantiation. Consolidated-Hammer Dry Plate & Film Co. v. Commissioner, 49 T.C. 153, 171 (1967), affd. 409 F.2d 1077 (7th Cir. 1969). Petitioner produced no books and records, receipts, or any other documentation to substantiate these expenses. She testified that, although she received receipts for many of the expenses claimed, at the time of purchase, she did not retain such receipts, nor did she maintain books and records of her expenses.

The Court notes that, even if petitioner had substantiated her expenses, some of the expenses claimed are not deductible. For example, the $780 claimed for Windsor-Detroit Tunnel fees likely was incurred as petitioner's expenses in commuting to and from her home and her places of employment. Commuter expenses are considered personal expenses and are not deductible. Sec. 262(a). The Court also recognizes, however, that petitioner incurred deductible expenses for which she may not have been reimbursed, such as long-distance telephone calls, licenses and dues as a registered nurse, fees for conferences she may have been required to attend, uniforms, certain equipment, other medical devices, and items of that nature. The Court is satisfied that petitioner incurred such expenses. The Court is empowered to make an allowance for such expenses in "as close an approximation as * * * [we] can, bearing heavily if * * * [we]

choose upon the taxpayer whose inexactitude is of his own making." Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). The Court, therefore, allows petitioner a deduction of $300 for such employee-related expenses.[4]

With respect to the other miscellaneous deductions, petitioner claimed $984, of which $404 was for prescription eyeglasses and $580 was for a glucometer, strips, and lancets. Respondent disallowed the $984 for two reasons:  (1) Lack of substantiation, and (2) the items were personal medical devices and, therefore, were medical expenses.  Respondent avers that medical and dental expenses are not allowable itemized deductions to taxpayers who are nonresident aliens.  As noted earlier, Schedule A for use with Form 1040NR does not provide for deduction of medical and dental expenses.

Petitioner is a diabetic, and the items she claimed as other miscellaneous deductions on her return were all prescribed by her doctor for her diabetic condition.  Although petitioner presented no documentation to establish the amount she paid for the items described, the Court is satisfied that petitioner incurred and

---

[4]Although the Court is allowing a deduction of $300 for employee-related expense, no portion of that amount is to be construed as an allowance of a deduction for expenses that require substantiation under sec. 274(d) and/or 280F(d)(4)(A), which include generally such expenses as travel away from home, entertainment, gifts, and expenses relating to the use of listed properties and cellular telephones or other similar telecommunications equipment.

paid those expenses.  Those expenses, however, do not constitute other miscellaneous deductions and in fact are medical expenses, as respondent argues.

Section 873(a) provides generally that, in the case of a nonresident alien, deductions are allowed only if, and to the extent that, such expenses are connected with income that is effectively connected with the conduct of a trade or business within the United States with the apportionment and allocation of the allowable deductions as provided by regulations. Additionally, section 873(b) provides exceptions to the general rule of section 873(a) and allows deductions for certain expenses that are not effectively connected with a trade or business within the United States.  The allowable deductions are:  (1) Casualty and theft losses under section 165, (2) charitable contributions under section 170, and (3) personal exemptions under section 151.  Medical and dental expenses incurred by a nonresident alien are not included as an exception to the general rule.  That is why, therefore, Schedule A for Form 1040NR does not provide for deduction of medical and dental expenses.  The job expenses and most other miscellaneous deductions, although not specified as being deductible under section 873(b), are, nonetheless, deductible under section 873(a) because such expenses are effectively connected with the conduct of a trade or business within the United States.  Therefore, with respect to

the disallowed other miscellaneous deductions of $984, respondent is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.